# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ZAKIYA GASKINS**, | * |
| Federal Register # 48911-007 | * |
| c/o: FCI Hazelton | * |
| Federal Correctional Institution | * |
| P.O. Box 5000 | * |
| Bructon Mills, WV 26525 | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| **ATTORNEY GENERAL of the UNITED STATES**, | * |
| 441 4th Street, NW | * |
| Suite 800- South Building | * |
| Washington, DC 20001 | * |
| Respondent, | * |
| | * |
| & | * |
| | * |
| UNITED STATES ATTORNEY OFFICE FOR THE | * |
| DISTRICT OF COLUMBIA | * |
| Special Proceedings Division | * |
| 555 4th Street, NW | * |
| Washington, DC 20001 | * |

# Petition Under 28 U.S.C. section 2254

History of Case:

1. On November 30, 2012, the Honorable Ronna L. Beck of the District of Columbia Superior Court sentenced Zakiya Gaskins ("hereinafter Petitioner") to ninety (90) months in prison and ten (10) years of supervised released following an Alford plea to one count of First degree Child Sexual Abuse in DC Superior Court case number 2012-CF1-00898.

## Summary of Case

2. Petitioner alleges that she was improperly and excessively sentenced in violation of the 8th Amendment of the United States Constitution in District of Columbia Superior Court by Judge Ronna L. Beck ("Judge Beck") after petitioner referred to Judge Beck as a racist during a competency examination, and in open court through the same competency document. Although petitioner had no criminal record, Petitioner was sentenced to 90 months and 10 years of supervised release on a Alford Plea for allowing a 13-year male to "inappropriately

touch" her after Petitioner had consumed nearly a half gallon of Vodka.  While on the other hand, during the same calendar year two other judges in the DC Superior Court gave extremely low sentences of 180 days in jail for the same charge and the same conduct both involving females having sex or sexual contact with minors.

In <u>United States v. Keyvette Gamble</u>, 2012-CF1-012680, in which Defendant Gamble was sentenced to 180 days in jail and 75 days probation for sexually assaulting a 14-year old boy and <u>United States v. Heaven Wright</u>, 2011-DVM-2255, was sentenced to serve 180 days in prison after pleading guilty to sexually assaulting a 13-year old boy.  Actual sexual intercourse had occurred in these other two cases but not in Petitioner Gaskin's case.

Petitioner Gaskins asks this Court to conclude that an 8th Amendment disparity of treatment of Petitioner by Judge Beck occurred, when DC Superior Court Judge Beck sentenced her in 2012 to 7 ½ years in prison and 10 years of supervised release and two other adult females committed nearly identical crimes  to 13 and 14 year old male victims in the District of Columbia and two other judges both conclude that 180 day jail terms were appropriate.

## **Jurisdiction**

3.  This Writ of Habeas Corpus Petition under 28 U.S.C. §2254 is cognizable for federal review, and all state (lower court) claims had been exhausted.  No other case is pending in DC Superior Court of the DC Court of Appeals for the Superior Court of the District of Columbia. The federal habeas statute authorizes a federal court to entertain a state prisoner's habeas

petition only on the ground that (s)he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §2254(a).

Absent violation of Federal constitutional right, a habeas petitioner fails to state a cognizable claim for relief.  see <u>Wilson v. Corcoran</u>, 562 U.S.1, _131 S.Ct. 13, 14 ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law").

In habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  See also <u>Cagle v. Branker</u>, 520 F.3d. 320,324  (2008). "It is not the providence of a federal habeas court to reexamine state court determinations on state law questions." <u>Estelle</u>, 502 U.S. at 480.  A violation of state law which does not infringe upon a specific constitutional right is not cognizable on federal habeas review unless it amounts to "fundamental defect which inherently results in a complete miscarriage of justice."  <u>Hailey v. Dorsey</u>, 580 F.2d 112, 115 (4th Cir. 1978)(quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962).

**Procedural History & Statement of Case**

4.  Petitioner, who never been arrested before,  was  32 years old when arrested in case Number,  2012-CF1-000898 for by the District of  Columbia for allowing inappropriately touching by a  13-year old boy.  The government had alleged that petitioner had given the child

a fruit drink spiked with vodka. While not represented by counsel, he Petitioner spoke freely with the police after her arrest.

At the detention DC Detective Darryn Robinson testified at that Petitioner stated that since hadn't forced the child to do anything, and that he "knew what" he was doing. Petitioner emphasized that she was drunk having drank a large portion of bottle of vodka over the course of a few hours. Nonetheless, the police alleged that on or about January 13, 2012, Petitioner who lived inside a rundown apartment in the 1500 block of First Street, SW, in Washington DC with her three young children had asked the teen victim to spend the night to engage in sex. Upon getting consent from the victim's mother to spend the night, the teen returned to Petitioner's apartment and was served the vodka-spike fruit juice. At some point a drunken Petitioner pulled the victim into her bedroom multiple times. Inside that bedroom, the Petitioner allowed the victim to touch her inappropriately on a repeated basis. According to the statement of facts, Petitioner's children were banging on the door as the assault occurred.

The parties do not dispute the no sexual intercourse occurred between the Petitioner and the 13-year old victim. The government only alleged inappropriate touching between the minor and the Petitioner in the Superior Court case.

**Relief Sought**

Reduction of prison sentenced based upon the unconstitutionally excessive sentenced issued by the Superior Court judge that represented a disparity from similar cases in that court

during that time period.  In three similar adult female defendant cases Ms. Gaskins received 7 ½ years in jail, while Ms. Gamble and Ms. Wright both received 180 days each in jail all for the same conduct on young boys who were all essentially the same age.



Respectfully submitted,

/s/Kevin J. McCants (29175)

Attorney for Petitioner

601 Pennsylvania Avenue, NW

Suite 900

Washington, DC 20004

202-459-4676

202-330-5155 (fax)